# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

**OFFICE OF SPECIAL MASTERS**
(Filed: February 25, 2020)

```
* * * * * * * * * * * * *
MARIE SCHMIDT,              *   UNPUBLISHED
                            *   No. 17-913V
        Petitioner,         *
                            *
v.                          *   Special Master Dorsey
                            *
                            *   Attorneys' Fees and Costs
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
        Respondent.         *
* * * * * * * * * * * * *
```

Joseph P. Shannon, Shannon Law Group, PC, Woodbridge, IL, for petitioner.
Camille M. Collett, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 6, 2017, Marie Schmidt ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] ("Vaccine Act"). Petitioner first alleged that she developed Guillain-Barré syndrome ("GBS") as a result of the pneumococcal vaccine she received on October 6, 2016. Petition at 1, ECF No. 1. Subsequently, she amended her claim to state that her GBS was caused-in-fact by the influenza vaccine she also received on October 6, 2015. ECF No. 14 at 1. On April 29, 2019, the parties filed a proffer,

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

which the previously assigned special master adopted as his decision awarding compensation on April 30, 2019.[3] Decision, ECF No. 30.

On September 6, 2019, petitioner filed an application for attorneys' fees and costs ("Fees App.). ECF No. 35.  Petitioner requests compensation in the amount of $24,463.92, representing $21,128.00 in attorneys' fees and $3,335.92 in costs. Fees App. at 2. Pursuant to General Order No. 9, petitioner warrants that she has not personally incurred costs in pursuit of this litigation. ECF No. 43. Respondent filed his response on September 9, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 32, at 2. Petitioner did not file a reply, but supplemented her motion on February 3, 2020, to provide proof of costs incurred. ECF No. 42. The matter is now ripe for disposition.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $17,880.97.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  Here, because petitioner was awarded compensation, she is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her]

---

[3] On October 7, 2019, the instant case was reassigned to the undersigned for resolution of attorneys' fees and costs.

experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See* Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Joseph Shannon, $450.00 per hour for work performed in 2019; for Mr. Pat Cummings, $225.00 per hour for work performed in 2016, $230.00 per hour for work performed in 2017, and $324.00 per hour for work performed in 2019; for Mr. Nathan Marchese, $307.00 per hour for work performed in 2017; and for Mr. Jonathan Svitak, $238.00 per hour for work performed in February 2018 to August 2018, $317.00 per hour for work performed in September 2018 to December 2018, and $324.00 per hour for work performed in 2019. These rates all require further discussion.

Mr. Shannon has been practicing law since 1991, giving him approximately 28 years of experience in 2019. This would place him in the upper end of the OSM Attorneys' Forum Hourly Rate Fee Schedule, which prescribes rates ranging from $378-$448 for attorneys with 20-30 years of experience. However, Mr. Shannon's requested hourly rate of $450.00 is unreasonable because it exceeds the upper boundary of this range, and because this is Mr. Shannon's second Vaccine Program case. Previously, Mr. Shannon has been awarded $350.00 per hour for his work through 2017. Razka v. Sec'y of Health & Human Servs., No. 14-1224V, 2017 WL 3165479, at *2 (Fed. Cl. Spec. Mstr. June 30, 2017). Taking into account these factors, the undersigned finds that $400.00 is a reasonable rate for Mr. Shannon's 2019 work. Application of this rate results in a reduction of **$50.00**.[4]

Mr. Cummings has been licensed to practice law since 2014, giving him approximately 2 years of experience when he began work in 2016. However, Mr. Cummings was not licensed to practice law before the Court of Federal Claims until some time in 2017. Id. at *3 (Noting that as of the date of filing, June 30, 2017, Mr. Cummings was not admitted to practice in the Court of Federal Claims). Therefore, all of Mr. Cummings' 2016 time billed must be compensated at non-attorney rates and the undersigned will follow the rates awarded in Razka. Id. However, The

---

[4] ($450.00 per hour requested - $400.00 per hour awarded) * 1.0 hour billed = $50.00.

Shannon Law Group website notes that Mr. Cummings has been licensed at the Court of Federal Claims since 2017.[5] Because all of Mr. Cummings' time billed in 2017 occurred after the issuance of Razka, the undersigned will presume that Mr. Cummings was licensed to practice at the Court of Federal Claims for this time.

The next step is to determine a reasonable rate for Mr. Cummings' attorney work in 2017 and 2019. Mr. Cummings has been licensed to practice law in since 2014, giving him approximately 3 years of experience in 2017 and 5 years of experience in 2019. This is also Mr. Shannon's second Vaccine Program case. After consideration of all the relevant factors, the undersigned finds that a reasonable rate for Mr. Cummings' work in 2017 is $200.00 per hour and a reasonable rate for 2019 is $250.00. This results in a reduction of **$454.00**.[6]

Mr. Marchese has been licensed to practice law since 2011, giving him approximately 6 years of experience in 2017.[7] However, Mr. Marchese is not currently admitted to practice law before the Court of Federal Claims, and petitioner has provided no evidence to suggest that Mr. Marchese has ever been so licensed.[8] Accordingly, the undersigned cannot compensate his work at attorney rates. Underwood v. Sec'y of Health & Human Servs., No. 00–357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); see Vaccine Rule 14(a)(1). A reasonable rate for Mr. Marchese's 2017 work is therefore $148.00 per hour. Application of this rate results in a reduction of **$4,722.30**.[9]

Mr. Svitak has been licensed to practice law since 2014 and has been a member of the Court of Federal Claims Bar since 2018, giving him approximately 4 years of experience when he started working on this case in 2018. This appears to be Mr. Svitak's first Vaccine Program case. Based on these factors, the undersigned would expect Mr. Svitak to be paid rates at the lower end of the 4-7 years of experience range of the OSM Fee Schedule ($238-$317 for 2018 and $243-$324 for 2019). After consideration of all the relevant factors, the undersigned finds that Mr. Svitak's requested rate of $238.00 per hour for work performed in early 2018 is

---

[5] *See* PATRICK CUMMINGS – CHICAGO TRUCK ACCIDENT LAWYER – SHANNON LAW GROUP, https://www.shannonlawgroup.com/members/patrick-cummings/ (last visited February 25, 2020).

[6] 2016: ($225.00 per hour requested - $125.00 per hour awarded) 3.9 * hours billed = $390.00.
2017: ($230.00 per hour requested - $200.00 per hour awarded) 0.9 * hours billed = $27.00.
2019: ($324.00 per hour requested - $250.00 per hour awarded) 0.5 * hours billed = $37.00.

[7] Petitioner did not submit any information concerning Mr. Marchese's experience and it appears that he no longer works at Shannon Law Group because he is not listed on their website. Thus, the undersigned had to conduct her own research on Mr. Marchese. Mr. Marchese was licensed to practice law first in California in 2011 and in Illinois in 2013. LAWYER NATHAN MARCHESE – WOODBRIDGE, IL ATTORNEY – AVVO, https://www.avvo.com/attorneys/60517-il-nathan-marchese-4616245 html (last accessed February 25, 2020). This information was confirmed by the undersigned utilizing the website for the State Bar of California.

[8] The Clerk's Office of the Court of Federal Claims confirmed that Mr. Marchese is not admitted to the Court's Bar.

[9] ($307.00 per hour requested - $148.00 per hour awarded) * 29.7 hours billed = $4,722.30.

reasonable and should be applied to all work throughout the year. A reasonable rate for his 2019 work is $255.00 per hour. This results in a reduction of **$1,376.40**.[10]

### ii. Reasonable Hours Expended

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of **$14,525.30**.

### b. Attorneys' Costs

Petitioner requests a total of $3,335.92 in attorneys' costs. This amount is comprised of acquiring medical records and the Court's filing fee. All of these costs are typical of Vaccine Program litigation and petitioner has provided adequate documentation supporting them. The undersigned further notes that upon calculating the total of all documentation of costs submitted by petitioner, the total amount of costs incurred is $3,355.67, which represents a small increase from the amount claimed in the fees application. Because petitioner has supported the higher amount of costs with documentation, the undersigned shall award that amount. Accordingly, petitioner is awarded final attorneys' costs of **$3,355.67**.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $21,128.00 |
| (Total Reduction of Fees) | - ($6,602.70) |
| **Total Attorneys' Fees Awarded** | **$14,525.30** |
| | |
| Attorneys' Costs Requested | $3,335.92 |
| (Addition of Costs) | + ($19.75) |
| **Total Attorneys' Costs Awarded** | **$3,355.67** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$17,880.97** |

**Accordingly, the undersigned awards $17,880.97 in attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mr. Joseph Shannon.**

---

[10] 2018 (September – December): ($317.00 per hour requested - $238.00 per hour awarded) * 9.3 hours billed = $734.70.
2019: ($324.00 per hour requested - $255.00 per hour awarded) * 9.3 hours billed = $614.70.

     In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[11]

     **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.